IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

PHILLIP TROBAUGH )
)
v. ) NO. 2:06-0083
) JUDGE CAMPBELL
JAKE SHORT )

MEMORANDUM

Pending before the Court is Defendant Short's Motion for Summary Judgment (Docket No. 15). For the reasons stated herein, Defendant's Motion is GRANTED.

FACTS

Plaintiff Trobaugh brought this action against Defendant Jake Short, individually and as a patrolman with the Cookeville, Tennessee Police Department, alleging "police brutality" in violation of Plaintiff's civil rights. Complaint (Docket No. 1). Plaintiff contends that on August 5, 2006, he was a business invitee to the Goodwill Store in Cookeville, Tennessee. Plaintiff alleges that because there were no shopping carts available, he began placing items for purchase into a backpack and then placed those items behind the store counter. *Id*. At that point, Plaintiff asserts, a store employee told Plaintiff he couldn't "be putting bags behind the counter, honey." *Id*. Plaintiff asked the store employee not to call him "honey." *Id*.

Jane Byers, store manager for the Cookeville Goodwill Store, testified that she instructed Plaintiff to remove the items from behind the counter and Plaintiff began yelling at her. Docket No.

15-4. Ms. Byers states that when Plaintiff became belligerent, she told Plaintiff to leave the store,[1] and Plaintiff refused to leave. *Id*.

The parties agree that, at some point, Ms. Byers called the Cookeville Police Department to send an officer to the store. Docket Nos. 1 and 15-4. Ms. Byers contends that Plaintiff had something stuffed under his shirt and she thought he was shoplifting. Docket No. 15-4. Ms. Byers also testified that numerous customers complained to her about Plaintiff's "bizarre and disturbing" behavior. *Id*.

Defendant Jake Short was the Cookeville policeman who answered the call to the Goodwill Store regarding Plaintiff. Docket Nos. 1 and 15-5 (Affidavit of Jake Short). Ms. Byers informed Defendant Short, upon his arrival at the store, that Plaintiff was creating a disturbance, making the other customers nervous, had been told to leave the store and refused, and had items stuffed under his shirt. Docket Nos. 15-4 and 15-5. Although Plaintiff denies he was causing a disturbance (Docket No. 18, ¶ 1), he does not deny that that is what Defendant Short was told. *Id*.

Plaintiff asserts that Defendant Short approached Plaintiff and said, "I am removing you from this store." Docket No. 18, ¶ 2. Defendant Short escorted Plaintiff out of the store holding his hand and arm. *Id*., ¶ 3. The parties disagree as to the exact nature of the force used in escorting Plaintiff from the store. For purposes of this Motion, the Court will accept Plaintiff's version of the encounter, which is that Defendant Short gripped him tightly, in an "orangutan grip." *Id*., ¶ 4.[2] Plaintiff admits that he had no swelling or bruising from this incident and that any injuries have been

---

[1] Plaintiff contends that Ms. Byers told him, "If you want to carry on this conversation, you're going to have to carry it on outside by yourself." Docket No. 18, ¶ 1.

[2] Plaintiff also asserts that he advised Defendant Short that he (Plaintiff) had orthopedic injuries. Docket No. 18, ¶ 4.

2

resolved. Docket No. 15-6 (Plaintiff's Deposition), pp. 43 and 49. Plaintiff has testified that Defendant Short did not curse or raise his voice and never hit Plaintiff or threw him into anything. *Id*, pp. 99 and 105.

Plaintiff does not dispute that, after he had been escorted from the store, Defendant Short told him to leave the premises and he was free to leave. Docket No. 18, ¶ 5. Plaintiff testified that he did not feel he was arrested that day. Docket No. 15-6, p. 121.

Plaintiff alleges that he was unlawfully seized without probable cause and that he was subjected to excessive force. Plaintiff also alleges state law claims for assault and battery, false arrest and intentional infliction of emotional distress. Docket No. 1.

Defendant has moved for summary judgment on Plaintiff's federal claims, based on qualified immunity, and asks the Court to decline to exercise supplemental jurisdiction over Plaintiff's state law claims.

## SUMMARY JUDGMENT

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *Meyers v. Columbia/HCA Healthcare Corp.*, 341 F.3d 461, 466 (6th Cir. 2003). In deciding a motion for summary judgment, the court must view the factual evidence and draw all reasonable inferences in favor of the nonmoving party. *Id.; Hopson v. DaimlerChrysler Corp.*, 306 F.3d 427, 432 (6th Cir. 2002).

To prevail, the non-movant must produce specific evidence that demonstrates there is a genuine issue of material fact for trial. *Meyers*, 341 F.3d at 466. A mere scintilla of evidence is

3

insufficient; there must be evidence on which the jury could reasonably find for the non-movant. *Id*. The non-moving party may not rest on mere allegations but must set forth specific facts showing that there is a genuine issue for trial. *Hopson*, 306 F.3d at 432.

## QUALIFIED IMMUNITY

The doctrine of qualified immunity generally shields government officials from civil liability for performing discretionary functions insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Seal v. Morgan*, 229 F.3d 567, 580 (6th Cir. 2000). Although the Defendant bears the burden of pleading this defense, the Plaintiff must show that the Defendant is not entitled to qualified immunity. *Blake v. Wright*, 179 F.3d 1003, 1007 (6th Cir. 1999).

In *Saucier v. Katz*, 121 S.Ct. 2151 (2001), the Supreme Court stated that a court required to rule upon a qualified immunity defense must consider the threshold question of whether, taken in the light most favorable to the party asserting the injury, the facts alleged show the officer's conduct violated a constitutional right. *Id*. at 2156. "If no constitutional right would have been violated were the allegations established, there is no necessity for further inquiries concerning qualified immunity. On the other hand, if a violation could be made out on a favorable view of the parties' submissions, the next, sequential step is to ask whether the right was clearly established."[3] *Id.*

---

[3] "A right is clearly established if there is binding precedent from the Supreme Court, the Sixth Circuit, or the district court itself . . . or case law from other circuits which is directly on point." *Blake*, 179 F.3d at 1007 (citations omitted). The contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right. Id. Although the very action in question need not previously have been held unlawful, in light of the pre-existing law the unlawfulness must be apparent. *Id*. at 1007-08.

4

Once it is determined that the right is clearly established, the court then must decide whether a reasonable person in the defendant's position would have known that his or her actions violated clearly established rights. *Blake*, 179 F.3d at 1008. In other words, the rights in question must have been so clearly established that any officer in the defendant's position, measured objectively, would have clearly understood that he was under an affirmative duty to have refrained from such conduct. *Cullinan v. Abramson*, 128 F.3d 301, 309 (6th Cir. 1997).

Under this procedure, the Court looks first to see whether Plaintiff has established that Defendant's conduct violated a constitutional right.

## UNLAWFUL SEIZURE - FOURTH AMENDMENT

Despite Plaintiff's admission that he did not feel he was arrested by Defendant Short (Docket No. 15-6, p. 121), Plaintiff argues that because Defendant Short physically touched him and led him outside the store, he was not free to leave. Docket No. 19, p. 3. To sustain a claim of unlawful seizure (or false arrest) under the Fourth Amendment, Plaintiff must show that there was no probable cause for the arrest. *Stemler v. City of Florence*, 126 F.3d 856, 871 (6th Cir. 1997).

Even if Plaintiff can create a genuine issue of material fact as to whether he was actually "arrested" for a brief time (certainly he was never booked or incarcerated), the Court finds that Defendant Short had probable cause to believe that Plaintiff was criminally trespassing[4] in the Goodwill Store. It is undisputed that Ms. Byers told Defendant Short she had asked Plaintiff to leave the store and Plaintiff refused.

---

[4] Tennessee law defines criminal trespass as follows: "A person commits criminal trespass who, knowing the person does not have the owner's effective consent to do so, enters or remains on property, or a portion thereof." Tenn. Code Ann. § 39-14-405(a).

5

Probable cause to make an arrest exists if the facts and circumstances within the arresting officer's knowledge were sufficient to warrant a prudent man in believing that the arrestee had committed or was committing an offense. *Pyles v. Raisor*, 60 F.3d 1211, 1215 (6th Cir. 1995). Probable cause requires only the probability of criminal activity, and the probability of criminal activity is assessed under a reasonableness standard based on "an examination of all facts and circumstances *within an officer's knowledge at the time of an arrest.*" *Crockett v. Cumberland College*, 316 F.3d 571, 580 (6th Cir. 2003) (emphasis in original).

Once an officer establishes probable cause, he is under no obligation to continue investigating and may instead pursue the arrest of a suspect. *Id.* at 581; *Boykin v. Van Buren Township*, 479 F.3d 444, 449-50 (6th Cir. 2007). In the Section 1983 context, the question of whether probable cause existed is left for the jury, unless there is only one reasonable determination possible. *Crockett*, 316 F.3d at 581.

Here, viewing the evidence in the light most favorable to Plaintiff, the Court finds that there is only one reasonable determination possible, that being that Defendant Short had probable cause to arrest Plaintiff for criminal trespassing. Thus, Plaintiff cannot establish a claim for unlawful seizure under the Fourth Amendment. Since no constitutional right was violated, there is no necessity for further inquiries concerning qualified immunity. Defendant Short is entitled to qualified immunity from Plaintiff's unlawful seizure claim. Defendant's Motion for Summary Judgment is GRANTED on this issue, and Plaintiff's unlawful seizure claim is DISMISSED.

EXCESSIVE FORCE - FOURTH AMENDMENT

Plaintiff also alleges that Defendant Short used excessive force in removing him from the Goodwill Store.  Plaintiff has stated that Defendant Short gripped him tightly, in an "orangutan grip," despite being told of Plaintiff's orthopedic injuries.  Docket No. 18, ¶ 4.

It is well-established that individuals have a constitutional right to be free from excessive force during an arrest. *Baker v. City of Hamilton, Ohio*, 471 F.3d 601, 606 (6th Cir. 2006). To establish an excessive force claim under the Fourth Amendment, Plaintiff must show that Defendant Short's actions were objectively unreasonable. *Graham v. Connor*, 109 S.Ct. 1865, 1871-72 (1989). Determining whether the force used is reasonable requires a careful balancing of the nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing governmental interests at stake. *Id*.

Here, Defendant has filed the Affidavits of three persons who witnessed the force used to escort Plaintiff from the Goodwill Store (Docket Nos. 15-2, 15-3 and 15-4), all of whom testified that Defendant "gently" escorted Plaintiff from the store and that Plaintiff was agitated, disruptive and unruly.  Plaintiff has filed nothing to rebut this testimony. As noted above, Plaintiff admits that he had no swelling or bruising from this incident and that any injuries have been resolved.  Docket No. 15-6 (Plaintiff's Deposition), pp. 43 and 49.  Plaintiff has testified that Defendant Short did not curse or raise his voice and never hit Plaintiff or threw him into anything.  *Id*, pp. 99 and 105.

The Court finds that, accepting Plaintiff's allegations concerning the force used to remove him from the store as true, Plaintiff has not established a Fourth Amendment excessive force claim because Defendant's actions were objectively reasonable.  Even if Defendant did escort Plaintiff from the store in an "orangutan grip," as Plaintiff claims, that does not rise to the level of unconstitutionally excessive force.

7

Again, since no constitutional right was violated, there is no necessity for further inquiries about qualified immunity. Defendant's Motion for Summary Judgment is GRANTED on this issue, and Plaintiff's claim for the use of excessive force is DISMISSED.

## STATE LAW CLAIMS

Having dismissed Plaintiff's federal claims, the Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims, pursuant to 28 U.S.C. § 1367(c), and those claims are DISMISSED without prejudice.

## CONCLUSION

For all these reasons, Defendant Short's Motion for Summary Judgment (Docket No. 15) is GRANTED, and Plaintiff's claims are DISMISSED.

IT IS SO ORDERED.

_____
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE